# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 10-0162-16-CR-W-FJG |
| ) | |
| THEODORE WIGGINS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are certain issues raised in Defendant's Trial Brief (Doc. No. 624) and the government's responses thereto (Doc. Nos. 627 and 633). Many of the issues raised by defendant are in the form of motions in limine or motions to suppress. Therefore, the Court issues the following pretrial rulings.

**A.   Gangs**

Defendant indicates there will be no evidence that Wiggins was involved in gang activity, and therefore the government should be precluded from using any evidence re gangs, or allowing anyone to testify about gangs. Defendant also argues that the government should be ordered to redact all documents offered into evidence which reference "Five Ace Deuce" gang, "Operation Smokin' Aces," "gang squad" and "gang." Defendant notes the reversal of a jury verdict in U.S. v. Street, 548 F.3d 618, 633 (8th Cir. 2008) due to abuse of discretion in allowing evidence concerning gangs.

The government did not respond to this issue. The Court notes, however, that Street is distinguishable. In Street, the government called a witness whose primary purpose was to testify about gang culture, in an "expert" fashion. There is no "gang expert"

in the current case; the only non-forensic expert identified by the government here is Detective Don Stanze, who is set to testify about narcotics trafficking (how cocaine base is manufactured, transported, and sold, trafficking amounts vs. user amounts of cocaine base, weights (conversion of ounces to grams), dollar values, and role of guns in drug trafficking). See Doc. No. 580.

At this point, the Court will **OVERRULE** defendant's objections to gang evidence, subject to reassertion at trial.

**B.  Codes**

There will be evidence at trial that, on wiretapped conversations, defendant was speaking in "code" related to drug purchases. Defendant "suggests . . . that before any evidence concerning 'codes' can be admitted, there must be a sufficient foundation that this defendant knew and used such 'codes,'" arguing that evidence regarding would be highly prejudicial to defendant and of no probative value unless such a foundation is laid.

The government, in its own trial brief (Doc. No. 627), indicates that the phone recordings have instances of common jargon in the drug community which may not be familiar to lay people, or use of code by co-conspirators to hide their communications. The government indicates that both law enforcement and lay witnesses will be used to provide context to the jury on the drug jargon and code words. The government notes that the Eighth Circuit has found in an earlier case that because wiretapped calls "were permeated with such slang terms, the agents' testimony was necessary to explain the terms to the jury." United States v. Placensia, 352 F.3d 1157, 1164-65 (8th Cir. 2003). The government notes further that cooperating witnesses may also explain the meaning of code words and

2

jargon. See United States v. Scott, 243 F.3d 1103, 1107 (8th Cir. 2001)(recognizing that personal relationships may give witnesses firsthand knowledge of slang and code words, and the ability to identify speakers in intercepted phone conversations).

For the reasons stated by the government in its trial brief, defendant's request to preclude code/drug jargon evidence unless a foundation regarding defendant's knowledge is laid is **OVERRULED**.

### C.  Phone calls/wiretaps

Defendant notes the government plans to use recordings made pursuant to a wiretap of co-defendant Hampton's phone. Defendant states there was no order obtained to wiretap defendant's phone–only a wiretap order for Hampton's phone. Defendant states that the primary authority for introducing recorded conversations, U.S. v. McMillan, 508 F.2d 101 (8th Cir. 1974), provides for the introduction of a conversation between an informant and the defendant (not a co-defendant who was wiretapped and the defendant). Defendant then goes on to argue that this is an unreasonable search and seizure under Katz v. United States, 389 U.S. 347 (1967) (providing that the government could not use evidence obtained by placing an electronic listening devise on a public phone booth without a court order).

The government responds (Doc. No. 633) that (1) the Fourth Amendment requires only that the wiretap application and order identify the telephone line to be tapped and the particular conversations to be seized (U.S. v. Gaines, 639 F.3d 423, 433 (8th Cir. 2011)), and that occurred here; and (2) defendant did not file a timely motion to suppress based on this issue.

3

For the all the reasons stated in the government's response (Doc. No. 633), defendant's request to suppress evidence obtained in the wiretaps is **OVERRULED**. A properly obtained wiretap can be used as evidence against a third party not named in the government's wiretap application. U.S. v. Woodley, 2009 WL 3415214 (S.D. Ga. Oct. 22, 2009)(citing United States v. Donovan, 429 U.S. 413, 427 n. 15 (1977); United States v. Bannerman, 2005 WL 2323172 at *3-4 (D. Mass. Aug. 25, 2005)(finding there is no "constitutional requirement that all those likely to be overheard engaging in incriminating conversations be named" in the wiretap application)). Additionally, Rule 12(e) of the Federal Rules of Criminal Procedure provides that a party waives a 12(b)(3) defense not raised by the deadline set by the court.

**4.     Impeachment of cooperating witnesses**

a.     Convictions of cooperating witnesses

Defendant wishes to use prior felony and misdemeanor convictions over 10 years old in impeachment of the government cooperating witnesses. Defendant notes that in cases where the matter of guilt hinges on the credibility of cooperating witnesses, it is appropriate to permit impeachment using convictions older than ten years. U.S. v. Brown, 956 F.2d 782, 787 (8th Cir. 1992) (which notes that F.R.E. 609(b) provides that evidence of a conviction greater than 10 years old is admissible only if its probative value substantially outweighs its prejudicial effect, and the proponent gives the other side advance written notice of the intent to use such evidence). The government does not respond to this issue.

Defendant's request will be **PROVISIONALLY SUSTAINED**, without prejudice to

any objections the government wishes to make at trial.

      b.     Prior inconsistent statements, motives to fabricate

Defendant indicates he may impeach certain government cooperating witnesses pursuant to FRE 613, and may cross-examine witnesses about their motive and bias (i.e., plea agreement, leniency for testimony). The government does not respond to this issue. Accordingly, defendant's request will be **PROVISIONALLY SUSTAINED**, without prejudice to any objections the government wishes to make at trial.

**IT IS SO ORDERED.**

Date: <u>February 17, 2012</u>                        **<u>S/ FERNANDO J. GAITAN, JR.</u>**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                              Chief United States District Judge

5

Case 4:10-cr-00162-GAF   Document 639   Filed 02/17/12   Page 5 of 5